UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANA ROSA BERMUDEZ,**

    **Petitioner,**

**v.**                                        **Case No. 8:03-cv-2264-T-30EAJ**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____

## ORDER

Petitioner, an inmate in the federal correctional system, initiated this matter by filing a Motion (Dkt. #1) to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255 challenging her 2002 conviction on drug-related charges. Respondent has filed a Response (Dkt. #5) to the Motion and Petitioner has filed a Reply (Dkt. #6) thereto. After due consideration, the Court determines that the Petition should be DENIED.

## BACKGROUND

On May 30, 2002, the Petitioner pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 18 U.S.C. § 846. In her plea agreement, Petitioner expressly waived her right to appeal her sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises

>its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Paragraph 5, page 12 of the Plea Agreement.  C.R. 224.

The Petitioner's guilty plea was accepted on July 2, 2002, and this Court adjudicated her guilty. This Court sentenced her on November 14, 2002, to a 108 month term of imprisonment. Petitioner did not file a direct appeal.

On October 30, 2003, the Petitioner timely filed this § 2255 petition in which she asserts the following grounds for relief:

1. The Court denied the Petitioner her right to allocution by not personally addressing her at sentencing;

2. The Court erred in calculating the drug quantity attributable to her;

3. The Court erred in calculating the Petitioner's offense level; and

4. Petitioner's counsel rendered ineffective assistance when he failed to present mitigating evidence of coercion and duress at sentencing.

In its response to the Petition, the Government asserts that because Petitioner waived her right to appeal, directly or collaterally in her plea agreement, the Motion should be denied. (Dkt. #5)   For the reasons set forth below, this Court agrees.

## **STANDARD OF REVIEW**

Title 28, U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four (4) reasons: 1) the sentence was imposed in violation of the Constitution of the United States; 2) the Court was without jurisdiction to impose such

a sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. Case law establishes that on constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1998).

## DISCUSSION

None of Petitioner's claims rise to the level of fundamental constitutional issues. The right to effective assistance of counsel is a fundamental constitutional issue, but, in this case, for the reasons explained herein, it is not.

Petitioner's first three claims are procedurally barred. These were appropriate claims for direct appeal and failure to take such an appeal results in the claims being procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. Bousley v. United States, 523 U.S. 614 (1998). "Cause" requires a showing of some external impediment preventing counsel from constructing or raising a claim. Weeks v. Jones, 52 F.3d 1559 (11th Cir.), *cert. denied*, 115 S.Ct. 1841 (1995). Petitioner makes no such showing here. "Actual prejudice" is prejudice that impacts constitutional or other fundamental rights. The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. United States v. Frady, 456 U.S. 152 (1982). Petitioner has not shown actual prejudice.

Petitioner's claim that she was denied her right of allocution concerns a procedural error (Fed. R. Crim. P. 32(c)(3)(c)). It is neither constitutionally based nor a fundamental defect which inherently results in a complete miscarriage of justice. United States v. Tamayo, 80 F.3d 1514 (11th Cir. 1996).

And, in this case, even her claim of ineffective assistance of counsel during sentencing is barred because it is bottomed on a matter that should have been raised in direct appeal and is an effort on the part of the Petitioner to circumvent the terms of her appeal waiver by recasting it as an ineffective assistance of counsel claim.

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a

challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

The waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. <u>Davila v. United States</u>, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner makes no such claim here. Further, Petitioner's ineffective assistance of counsel claim is really a challenge to the correctness of her guideline sentence. Such a challenge is barred by the language of the plea agreement, and to allow the claim would make the plea agreement waiver meaningless. <u>United States v. Djelevic</u>, 161 F.3d 104 (2nd Cir. 1998).

Had Petitioner's ineffective assistance of counsel claim survived the waiver, it still would have failed because she demonstrates no prejudice and the claim is factually wrong. Petitioner contends that she received ineffective assistance because her attorney failed to present mitigating evidence of coercion and duress. Ineffectiveness of counsel may be grounds for vacating a conviction if 1) counsel's performance fell below an objective standard of reasonable, professional assistance, and 2) the defendant was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 688 (1984). Both prongs must be met. The Court is not required to address both grounds if it is obvious that the Petitioner fails to meet one of the prongs. Thus, if the Defendant fails to show that she is prejudiced by the alleged errors of counsel, this Court may reject the Defendant's claim without determining whether the counsel's performance was deficient. <u>Coulter v. Herring</u>, 60 F.3d 1499 (11th Cir. 1995). Petitioner fails to point to any fact in the record that would indicate

the sentence would have been any different had the attorney presented evidence of duress and coercion at sentencing.

Finally, Petitioner's ineffective assistance of counsel claim would fail because it is factually wrong. At sentencing, Petitioner's counsel did argue for a downward departure based on coercion, duress and diminished capacity. In support of his argument, counsel called Dr. Deborah Goldsmith, a licensed clinical psychologist specializing in mental health and forensics, to testify about her observations of the Petitioner. And, counsel called the Petitioner herself to testify about her abusive relationship with her boyfriend, co-Defendant Esteban Ramirez, and as to her role in the offense. Petitioner now complains that counsel failed to call other witnesses, but decisions about whether to call certain witnesses and not others to testify is a tactical decision not vulnerable to collateral review. Mills v. Armontrout, 926 F.2d 773 (8th Cir. 1991). Here, the Court was well aware of Petitioner's abusive relationship, but determined it did not excuse her acts in the conspiracy performed over a substantial period of time.

## **CONCLUSION**

For the foregoing reasons, the Court determines that Petitioner has not demonstrated that she is entitled to relief under § 2255.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion (Dkt. #1) to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255 is DENIED.

2. The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2003\03-cv-2264.OrderVacate.frm